CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
For Roanoke
JUL -1 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. ROBERTS, | )<br>) |
| Petitioner, | ) Case No. 7:08-cv-00389<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| TERRY O'BRIEN, et al., | )<br>) |
| | ) By: Hon. Jackson L. Kiser |
| Respondents. | ) Senior United States District Judge |

Petitioner James D. Roberts, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In his petition, Roberts contests his institution's "policy which bans all magazine and incoming publications to be retained." Roberts asserts that, because he is assigned to "Administrative Detention," this ban affects his "protected liberty interest to Freedom of Religion" because his "only option to practice [his] religion is by receiving newsletters and study material in the mail." I find that the relief Roberts seeks is not available under § 2241 and, therefore, dismiss this action.

To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition, a court must consider whether petitioner's claims concern the fact or duration of his confinement. See Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir.1983); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Roberts is not challenging the manner in which his sentence is being executed or alleging that he is in custody in violation of the Constitution or laws of the United States, as would be appropriate pursuant to 28 U.S.C. § 2241, nor is he attacking the legality of his sentence, as would be appropriate pursuant to 28 U.S.C. § 2255. Because Roberts is challenging the conditions of his confinement, I find that a civil rights complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is the most appropriate remedy; however,

Roberts already has two <u>Bivens</u> actions, based on the same allegations as his current pleading, pending in this court. <u>See</u> Civil Action Nos. 7:08-cv-00372 and 7:08-cv-00388. Accordingly, I will not construe Robert's current pleading and find that it must be dismissed because neither section 2241 nor 2255 offer Roberts relief under these circumstances. An appropriate Order will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

**ENTER:** This 1st day of July, 2008.

                                      /s/ Jackson L. Kiser
                                      Senior United States District Judge